IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MEHMET FATIH SAVATA,

                Petitioner,                OPINION and ORDER

v.

                                            22-cv-75-wmc

BANU ESIN EDIL,

                Respondent.

Petitioner Mehmet Fatih Savata filed this case under the International Child Abduction Remedies Act (the Act), 22 U.S.C. § 9001, *et seq.*, and the Hague Convention, seeking return of his minor child to Turkey. On June 9, 2022, this court granted petitioner's unopposed motion for default judgment against respondent Banu Esin Edil, and both parties agreed that their minor child would return to his residence in Turkey by June 18, 2022. (Dkt. #26.) Accordingly, the only remaining issue for the court is petitioner's motions for costs (dkt. #27) and attorney fees (dkt. #28).

The Act requires courts to award "necessary expenses" incurred by a prevailing petitioner, including legal fees, costs of care and transportation fees "related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate." 22 U.S.C. § 9007(b)(3).

Initially, petitioner requested an award of $35,078 in attorney fees and costs, which included: attorney fees totaling $22,554.50 to Boardman & Clark, LLP; $8,850 in expert witness fees; $1,361.44 to a law firm in Turkey; and $2,312.20 in costs. (Dkt. #29.) Petitioner later amended his request to add an additional $5,077.50 in fees incurred in

answering respondent's objections to his fee request, for a new total of $40,033.14. (Dkt. #33.)

Respondent did not oppose petitioner's initial fee request of $22,554.50 to compensate Boardman & Clark nor petitioner's request for costs. However, respondent contends that petitioner's request for expert witness fees and foreign attorney fees are unreasonable, unsupported and excessive.

Having reviewed petitioner's documentation and the parties' submissions, the court concludes that petitioner's requested costs and fees are reasonable and reflect necessary expenses incurred in obtaining the return of his child for the following reasons:

1. Petitioner's request for $2,312.20 in costs is reasonable and supported by adequate documentation. (Dkt. #27.)
2. Petitioner has adequately supported his request for $8,850 in expert witness fees for Attorney Mert Yalcin, who provided a report regarding how the Turkish courts interpret and implement legal custody rights for purposes of the Hague Convention. (Yalcin Rep. (dkt. #12).) Moreover, there is no dispute that petitioner actually paid him $8,850 for his report and other work on the case. The Seventh Circuit has explained that it may be appropriate in this type of case for the petitioner to retain a foreign attorney to explain custody rights under the laws of the other, relevant country. *See Norinder v. Fuentes*, 657 F.3d 526, 536 (7th Cir. 2011) (district court did not err in awarding fees for "two Swedish attorneys [retained by petitioner] as

experts who could explain the meaning of 'rights of custody' under Swedish law").

3. Similarly, petitioner's requested fees for another Turkish attorney, Nazan Seref, are reasonable. As petitioner explained, he paid Attorney Seref to assist him in filing an application with the Turkish Ministry requesting the return of his minor child, as well as providing petitioner's Wisconsin-based counsel information on petitioner's custodial status under Turkish law. This relatively small amount of $1,361.44, which Attorney Seref charged as a flat-fee, appears reasonable for that work, and again, there is no dispute that petitioner paid that fee.

4. Petitioner's requested fees of $27,632 in attorney fees to Boardman & Clark are based on a reasonable number of work hours at reasonable hourly rates, ranging from $245 to $405 for the attorneys who worked on the case; $195 for the paralegals; and $210 for a law clerk. (Rhonda Hazen Aff. (dkt. #29; dkt. #33)). Indeed, respondent conceded the reasonableness of Boardman's original fee request of over $22,500, and offers no basis for finding that Boardman's additional fees were neither reasonably incurred nor paid by petitioner.

5. Finally, respondent has failed to show that an order awarding petitioner's actual fees and costs would be "clearly inappropriate." *See* 22 U.S.C. § 9007(b)(3). Instead, she argues in her brief that a fee award would impose a financial hardship impairing her ability to care for the parties' minor child.

(Resp. Opp. Br. (dkt. #30)). In some situations, a court may deny or reduce a fee award if it would prevent the respondent-parent from caring for the child. *Norinder*, 657 F.3d at 536. However, respondent submitted no evidence to support her bald assertion of financial hardship, such as an affidavit or financial records. *Id.* (district court did not abuse discretion in awarding fees where respondent failed to submit evidence showing that award would have a detrimental effect on minor child). In contrast, petitioner submitted evidence showing that respondent is qualified as a physician in Turkey, and she owns property in both Wisconsin and Istanbul. Based on this evidence, the court concludes that respondent has failed to meet her burden of showing that she or the parties' minor child would be negatively affected by petitioner's requested fee award.

For all these reasons, petitioner's requests for costs and fees will be granted in full.

ORDER

IT IS ORDERED that petitioner Mehmet Fatih Savata's motions for costs and attorney fees (dkt. #27 and dkt. #28) are GRANTED and respondent Banu Esin Edil is DIRECTED to pay petitioner $40,033.14.

Entered this 30th day of March, 2023.

BY THE COURT:
/s/
_____
WILLIAM M. CONLEY
District Judge